## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ZULEY SANCHEZ,          :     MOTION TO VACATE
BOP No. 62845-019,      :     28 U.S.C. § 2255
    Movant,             :
                        :     CIVIL ACTION NO.
    v.                  :     1:12-CV-4287-WSD-ECS
                        :
UNITED STATES OF AMERICA, :    CRIMINAL ACTION NO.
    Respondent.         :     1:08-CR-356-13-WSD-ECS

### FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Zuley Sanchez's pro se
Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct
Sentence by a Person in Federal Custody. [Doc. No. 970]. Because
it plainly appears from the motion and the record of prior
proceedings that Ms. Sanchez is not entitled to relief, the
undersigned recommends that her motion be summarily dismissed and
that no certificate of appealability be issued.

In 2008, Ms. Sanchez was indicted for drug trafficking and
money laundering offenses. See [Doc. Nos. 1, 130]. According to
Ms. Sanchez, "[d]uring the investigation, . . . agents seized over
$20 million, 223 kilos of cocaine, and almost 7000 kilos of
marijuana." [Doc. No. 970-1 at 5]. Thirty-five other defendants
were listed along with Ms. Sanchez in the superseding indictment.
See [Doc. No. 130].

This complex, multi-defendant case was initially assigned to
the Honorable Beverly B. Martin. Judge Martin sentenced a large

number of Ms. Sanchez's co-defendants who pled guilty relatively early in the proceedings. See, e.g., [Doc. Nos. 582, 594, 595, 596, 597, 604, 605, 606, 609, 617, 619, 624, 625, 626, 630, 631, 653, 656, 660, 661, 685].

After Judge Martin was elevated to the United States Court of Appeals for the Eleventh Circuit, this case was reassigned to the Honorable William S. Duffey, Jr. See [Dkt. Entry dated Jan. 25, 2010]. Almost two years later, in November 2011, Ms. Sanchez pled guilty to the money laundering count of the superseding indictment. In her negotiated plea agreement, Ms. Sanchez waived her right to appeal or collaterally attack her sentence in all but two very limited circumstances. See [Doc. No. 826-1].

Before sentencing, Ms. Sanchez's attorney filed a motion for a downward variance that described in detail the hardships she had faced in life, including her family's extreme poverty, the disappearance of her father when she was a child, her mother's epilepsy and disfiguring injury by fire, an attempted rape by a family acquaintance, and a rape by the "coyote" who brought her illegally into the United States. See [Doc. No. 846]. The motion further described how Ms. Sanchez was drawn at a tender age into the drug trafficking and money laundering conspiracy and how other members of that conspiracy, at one point, sought to have her executed. See [id.].

There is no question that these facts were considered by Judge Duffey and weighed in Ms. Sanchez's favor when he sentenced her. See [Doc. No. 896 at 48 ("One of the things unique to this case is this woman was pretty young and I don't know many people that have had the personal tragedies in their background that she's had.")]. Nor is there any question that Judge Duffey was "trying very hard to be fair in a case that [he] inherited" [id. at 47] by sentencing Ms. Sanchez in a manner that reflected her relative culpability in the larger conspiracy, in light of the sentence precedents already set by Judge Martin. Indeed, Judge Duffey noted that although he likely would not have varied downward from the applicable 41 to 51 month guideline range for Ms. Sanchez if he were sentencing her on a clean slate [id. at 37, 50, 54], he felt constrained to do so in light of the "generous" variances Judge Martin had awarded to defendants she had sentenced earlier [id. at 38, 45, 50-51]. Consequently, Ms. Sanchez was sentenced to a 32-month term of imprisonment, 9 months below the lower end of her guideline sentencing range. See [id. at 52; Doc. No. 857].

Nonetheless, Ms. Sanchez filed a pro se notice of appeal. [Doc. No. 866]. Because Ms. Sanchez's attorney could discern no appealable issue, he filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). After close scrutiny, the Eleventh Circuit concluded that its "independent review of the

3

entire record reveals that counsel's assessment of the relative merit of the appeal is correct" and that there were "no arguable issues of merit." <u>See</u> [Doc. No. 943 at 1-2].

Ms. Sanchez then filed her § 2255 motion. [Doc. No. 970]. Ms. Sanchez now contends that she was denied the effective assistance of counsel because her attorney "fail[ed] to familiarize himself with 'cultural assimilation' as grounds to request a sentence mitigation during the sentencing hearing." [<u>Id.</u> at 4]. For the following reasons, Ms. Sanchez is not entitled to relief.

First, as an initial matter, Ms. Sanchez has waived her right collaterally to attack her sentence in a § 2255 proceeding. <u>See</u> [826-1 at 8-9]. In the Eleventh Circuit, "sentence appeal waivers, made knowingly and voluntarily, are enforceable." <u>United States v. Bushert</u>, 997 F.2d 1343, 1345 (11th Cir. 1993); <u>see also</u> <u>Williams v. United States</u>, 396 F.3d 1340, 1342 (11th Cir. 2005) (sentence appeal waiver enforced in a collateral proceeding). "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues - indeed, it includes a waiver of the right to appeal blatant error." <u>United States v. Howle</u>, 166 F.3d 1166, 1169 (11th Cir. 1999). Such waivers are upheld where "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the

4

full significance of that waiver." <u>Bushert</u>, 997 F.2d at 1351. These requirements are met in this case.[1] Ms. Sanchez's § 2255 motion is therefore subject to summary dismissal on this basis.

Second, even if Ms. Sanchez could bypass her collateral attack waiver, the issue she raises in her § 2255 motion is without merit. Her counsel's performance neither fell below an objective standard of reasonableness nor resulted in prejudice, so she did not receive the ineffective assistance of counsel. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). "Cultural assimilation" refers to a sentencing factor that may result in a downward departure or downward variance in illegal re-entry cases. <u>See generally</u> U.S. Sentencing Guidelines Manual § 2L1.2, cmt. n. 8; <u>see also</u> <u>United States v. Sanchez-Valencia</u>, 148 F.3d 1273, 1274 (11th Cir. 1998). Ms. Sanchez pled guilty to money-laundering, not illegal re-entry. "Cultural assimilation" is inapplicable, and her counsel did not provide objectively unreasonable assistance by omitting any mention of this particular term-of-art during sentencing.

---

[1] Ms. Sanchez's wholly conclusory assertion that "the absence of any knowing and intelligent waiver by Mr. [sic] Sanchez of her right to bring this motion" [Doc. No. 970-1 at 5] is inadequate to overcome the collateral attack waiver in her negotiated plea agreement in light of Judge Duffey's close questioning of Ms. Sanchez regarding that waiver during her change of plea hearing, <u>see</u> [Doc. No. 894 at 31-32].

5

Moreover, to the extent that Ms. Sanchez means by the term "cultural assimilation" that her counsel should have argued and Judge Duffey should have considered the personal hardships she had faced growing up, see [Doc. No. 970-1 at 15-17], it is clear from the record that both of them did so, see [Doc. No. 846 passim & Doc. No. 896 at 48]. Finally, it is also clear from the record that Judge Duffey made a painstaking effort to craft a sentence for Ms. Sanchez that reflected all the factors under 18 U.S.C. § 3553, including not only the history and characteristics of Ms. Sanchez, but also her relative culpability within the larger conspiracy in this complex, multi-defendant case.

Indeed, Ms. Sanchez benefitted from a downward departure that Judge Duffey awarded her to maintain proportionality with the sentences that Judge Martin had earlier imposed on many of Ms. Sanchez's co-defendants. See [Doc. No. 896 at 37-38, 45, 50-52, 54]. Consequently, Ms. Sanchez was sentenced to a 32-month term of imprisonment, 9 months below the lower end of her guideline sentencing range. See [id. at 52; Doc. No. 857]. Because Ms. Sanchez simply cannot "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" and thereby "undermine confidence in the outcome," Strickland, 466 U.S. at 695, she cannot demonstrate prejudice. Ms. Sanchez's ineffective assistance of

AO 72A
(Rev.8/82)

counsel claim, therefore, is unavailing because she can demonstrate neither objectively unreasonable assistance nor prejudice.

When "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [Court] must dismiss the motion." 28 U.S.C. foll. § 2255, Rule 4(a). According, the undersigned **RECOMMENDS** that Ms. Sanchez's § 2255 motion [Doc. No. 970] be **DISMISSED**.

Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no evidentiary hearing is required. 28 U.S.C. § 2255(b).

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner

7

or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Ms. Sanchez has not demonstrated that she is entitled to federal habeas relief or that the issue is reasonably debatable. The undersigned therefore **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 16th day of January, 2013.


_S/ E. Clayton Scofield III_
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)