IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ZULEY SANCHEZ,<br><br>               Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | CRIMINAL ACTION NO.<br>1:08-cr-356-13-WSD-ECS<br><br>CIVIL ACTION NO.<br>1:12-cv-4287-WSD-ECS |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge E. Clayton Scofield's Final Report and Recommendation [975] ("R&R") on Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [970] ("Section 2255 Motion").

**I.   BACKGROUND**[1]

In September 2008, a federal grand jury indicted Movant Zuley Sanchez ("Movant"), along with numerous co-defendants, on counts of drug trafficking and money laundering. In November 2011, Movant pleaded guilty to the money

---

[1] The facts are taken from the R&R and the record. The parties have not objected to the facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

laundering count.  Movant's plea was entered pursuant to a plea agreement with the Government in which Movant agreed to waive her right to appeal her sentence and waive her right to challenge her sentence in a collateral proceeding.[2]

On January 6, 2012, the Court sentenced Movant.  Before the sentencing hearing, Movant's attorney filed a motion for a downward variance based on the hardships Movant suffered in her life, including poverty, the early disappearance of her father, her mother's epilepsy and fire injury, an attempted rape by a family acquaintance, and a rape by the man who illegally brought her into this country.  In imposing a sentence, the Court expressly noted that it considered all of these facts, as well as the fact that many of Movant's co-defendants had received "generous" downward departures from their respective Guideline ranges.  The Court sentenced Movant to 32 months in prison, nine months below the minimum recommended by her Guideline range.

Despite having entered into the appeal waiver, Movant filed, *pro se*, a notice of appeal to the U.S. Court of Appeals for the Eleventh Circuit.[3]  After conducting an independent review of the record, the Eleventh Circuit affirmed Movant's

---

[2] There are two limited exceptions that, if met, permitted Movant to appeal her sentence.  The exceptions do not apply here

[3] Movant's attorney filed a brief, pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), noting he could not discern any grounds for appeal.

conviction and sentence, stating that the appeal consisted of "no arguable issues of merit."

On December 10, 2012, Movant filed her Section 2255 Motion, seeking to have her sentence vacated on the ground that she was afforded ineffective assistance of counsel because her attorney failed to "familiarize himself with 'cultural assimilation' as a grounds to request a sentence mitigation during the sentencing hearing."

On January 16, 2013, Judge Scofield issued his R&R on the Section 2255 Motion.  Judge Scofield first found that Movant's appeal waiver, agreed to in connection with her guilty plea, precludes collateral review, under 28 U.S.C. § 2255, of Movant's sentence.  On that basis, Judge Scofield concluded that Movant is not entitled to relief.  Judge Scofield found, however, that even if Movant could avoid the appeal waiver, her Section 2255 Motion is without merit.  Judge Scofield noted that "cultural assimilation" is a sentencing factor that applies only in illegal reentry cases, not drug trafficking and money laundering cases.  He further noted, to the extent Movant uses "cultural assimilation" as a term encompassing Movant's personal hardships, the Court did, in fact, consider Movant's hardships in imposing its sentence.  Under the ineffective assistance of counsel standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), Judge

Scofield concluded that Movant was not prejudiced by her attorney's conduct.

Finding Movant's arguments to be without merit, Judge Scofield recommends in his R&R that the Section 2255 Motion be denied. Judge Scofield further recommends that the Court deny Movant a certificate of appealability because it is not debatable that Movant is not entitled to relief under Section 2255.

On January 31, 2013, Movant mailed her Objections to the Magistrate Judge's Report and Recommendation [978] ("Objections").[4] Movant first objects to the R&R's conclusion that she waived her right to collateral review because, she argues, her appeal waiver cannot apply to a claim of ineffective assistance of counsel rendered at the sentencing hearing. Movant next objects to the R&R's conclusion that "cultural assimilation" applies only to illegal reentry cases.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate

---

[4] The Court received the Objections on February 8, 2013, and the Clerk docketed the Objections as of that date. The Court considers the Objections timely filed. Cf. Fuller v. Terry, 381 F. App'x 907, 908 (11th Cir. 2010) ("Under the mailbox rule for prisoners, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Absent contrary evidence, we will assume that a prisoner's filing was 'delivered to prison authorities the day he signed it.'" (quoting Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001))).

judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    Analysis

        1.    *Denial of Amended Section 2255 Motion*

Movant first objects to the R&R's conclusion that Movant's appeal waiver precludes her Section 2255 Motion.  An appeal waiver precludes review under 28 U.S.C. § 2255, even of claims of ineffective assistance of counsel during the sentencing, unless the moving party shows that the ineffective assistance rendered his guilty plea involuntary.  See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005).  Movant has not made any showing that her plea was rendered involuntary.  This objection is overruled.[5]

Movant next objects to the R&R's conclusion that "cultural assimilation" is

---

[5] The Court notes that this objection is without merit because, despite the finding of a waiver, the R&R fully considers the merits of Movant's Motion.

a sentencing factor applied only in illegal reentry cases. "Cultural assimilation" refers to an illegal alien's cultural ties to the United States. See U.S. Sentencing Guidelines Manual § 2L1.2 cmt. 8 (2010). In limited circumstances, when those cultural ties are the "primary motivation" for a previously-deported alien's illegal reentry into the United States, a court may consider that motivation as a mitigating factor in imposing a sentence for the illegal reentry. Id. Movant has not offered any explanation for how her "cultural assimilation" to the United States has any bearing on her conviction for money laundering, and her objection is overruled.

Movant does not object to Judge Scofield's conclusions that, to the extent Movant means personal hardships by arguing for "cultural assimilation," the Court did, in fact, consider Movant's hardships and that Movant's counsel was not ineffective because he presented the hardships to the Court. The Court does not find an error in these conclusions. See Strickland, 466 U.S. at 694. Accordingly, the Court concludes that Movant is not entitled to the relief sought in the Section 2255 Motion.

    2.    *Certificate of Appealability*

A district court "must issue or deny a certificate of appealability [under 28 U.S.C. § 2253(c)] when it enters a final order adverse to the appellant." See R. Governing § 2255 Cases 11(a). "Where a district court has rejected the

constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 4884 (2000).  The Court agrees with Judge Scofield that Movant has not demonstrated that a reasonable jurist could debate whether Movant states a valid claim for relief under 28 U.S.C. § 2255.  Thus, the certificate of appealability is denied.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield's Final Report and Recommendation [975] is **ADOPTED**.  Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [970] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability, under Rule 11(a) of the Rules Governing Section 2255 Cases, is **DENIED**.

**SO ORDERED** this 21st day of March, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE